

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Matthew D. Stockwell
tel: +1.212.858.1075
matthew.stockwell@pillsburylaw.com

May 11, 2022

**VIA ECF**

The Honorable Steven L. Tiscione, U.S.M.J.
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Edge Systems LLC v. Cartessa Aesthetics, LLC
Civil Action No. 2:20-cv-06082 (GRB-ST)**

Dear Judge Tiscione:

We are counsel to defendant Cartessa Aesthetics, LLC ("Cartessa") in the above-referenced matter. Cartessa seeks to depose two of plaintiff's proffered experts for two seven-hour days because each witness has submitted two sets of reports reflecting the fact that each has addressed two separate subjects. Please accept the following as a letter motion on behalf of Cartessa pursuant to Section III(A) of Your Honor's Individual Rules to compel plaintiff to produce these two witnesses accordingly or, alternatively, to grant Cartessa additional time to depose these two witnesses. Edge refuses to produce them beyond a single seven-hour deposition. Cartessa has made a good faith effort pursuant to Local Civil Rule 26.4 and FRCP 37(a)(1) to resolve this dispute, but this effort was unsuccessful.

This is a five-patent case, and Edge has designated Dr. Duboys and Mr. Meyst as experts. Both witnesses have been designated on infringement and invalidity. They have six reports between them – two opening, two responsive, and two in reply. Each produced an expert report alleging the accused product infringes each of five patents.[1] Each produced a validity report disputing Cartessa's experts' claims that a patent in suit was invalid as obvious. Each produced a reply report on infringement. In addition to the expected opinions regarding infringement and invalidity, the reports contain additional opinions: the level of skill of an ordinary artisan, the existence of non-infringing alternatives, the sufficiency of marking, the value of non-patented

---

[1] Plaintiff represented to Defendant that U.S. Patent 9,776,646 has been withdrawn, but the experts nevertheless opined on it.

features, the meaning of certain un-construed terms, the function of the devices under different conditions, and others.

It is standard for a validity witness to be deposed on validity and an infringement witness to be deposed on infringement. That does not change by designating the same person for each. The most recent patent rules recognize this common tactic and explicitly states that depositions are on a *report* basis, so no party is prejudiced when a litigant combines designations – for example in the Western District of Texas:

> "Expert Depositions: 7 hours per report."
>
> "For example, if a single technical expert submits reports on both infringement and validity, he or she may be deposed for up to 14 hours in total."

*See* Standing Order Governing Proceedings (OGP) 4.0-Patent Cases.[2]

Courts without such a rule nonetheless order multiple depositions for combined validity/infringement experts in the rare case that parties refuse to voluntarily make experts available in relation to the number of reports. The Court in *Synchronoss Techs. v. Dropbox Inc.*[3] explained the rationale in patent cases for having multiple depositions when a single witness is presented for both validity and infringement:

> This is not a situation where Mr. Alpaugh is expected to testify on a single report, and Dropbox may require more time, based on the substance of his testimony. Rather, Dropbox knows that it requires more time, because Mr. Alpaugh is the designated expert on multiple topics. While Synchronoss may designate the expert of its choice, it cannot strategically do so in an effort to stifle Dropbox's ability to properly depose an expert witness. Indeed, Dropbox should be able to adequately prepare for the depositions in advance.
>
> Accordingly, the Court orders Synchronoss to produce Mr. Alpaugh for two, seven-hour days. Each day will address a different expert report.

Here, Edge similarly is attempting to stifle Cartessa's ability to properly depose Edge's expert witnesses. The reasons for deposition testimony in the present case mirrors that expressed in *Synchronoss* and implicit in the Western District of Texas' Standing Order on patent cases cited above. Experts are the heart of patent litigation, and a party's rights in discovery cannot be artificially limited by a litigant that elects to designate an expert on multiple issues. Moreover, pursuant to FRCP 30(d)(1), the Court may allow additional time for a deposition if needed to fairly examine a deponent. As set forth above, Cartessa respectfully submits that it has shown good cause to extend the depositions of Dr. Duboys and Mr. Meyst for an additional seven hours each. There can be no burden or prejudice to Edge, particularly in a case where it is seeking more than $20,000,000 in damages.

---

[2] https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Standing%20Order%20Governing%20Proceedings%20Patent%20Cases%20030722.pdf

[3] 4:16-cv-000119 (N.D. Cal.), Dkt. No. 279.

2

Accordingly, Cartessa respectfully requests that the Court grant this motion to compel plaintiff to produce Dr. Duboys and Mr. Meyst for depositions lasting up to 14 hours for each witness. The parties exchanged emails between May 6 and May 10, 2022 in an effort to resolve this dispute, but counsel for plaintiff insisted that its final position is that "[l]ike other witnesses, expert witnesses may be deposed for a total of seven hours on a single day, pursuant to FRCP 30(d)(1). We will therefore make each of Edge's expert witness available for a seven-hour deposition on a single day, and we will depose each Cartessa expert on all issues on a single day."

Thank you for your consideration in this matter.

Respectfully Submitted,

Matthew D. Stockwell

cc: All counsel of record (Via ECF)