May 18, 2022
VIA ECF

Hon. Steven L. Tiscione
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

Re: *Edge Systems LLC v. Cartessa Aesthetics, LLC* (Case No. CV-20-6082) (GRB) (ST)

Dear Judge Tiscione:

Plaintiff Edge Systems, LLC ("Edge") submits this letter in opposition to Cartessa's letter motion seeking to compel Edge to produce two expert witnesses for depositions lasting up to fourteen hours each. As an initial matter, Cartessa seeks the wrong relief. Edge has already agreed to provide each witness for a seven-hour deposition, as required by the Federal Rules. What Cartessa actually seeks is an enlargement of time for its examination of each witness.

The Federal Rules provide that "a deposition is limited to one day of 7 hours" unless the Court orders otherwise. Fed. R. Civ. P. 30(d)(1). Although the Federal Rules allow the Court to grant additional time "if needed to fairly examine the deponent," this Court has made clear that "[a] party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." *Williams v. Fire Sprinkler Associates Inc.*, 2017 WL 1156012 at *2 (E.D.N.Y. March 27, 2017) (citing *Calderon v. Symeon*, 2007 WL 735773, at *1 (D. Conn. Feb. 2, 2007) (quoting 7 James Wm. Moore, et al., *Moore's Federal Practice*, § 30.45 (3d. ed. 2006)); *see also Saeed v. Count of Nassau*, 2011 WL 6945755, at *1 (E.D.N.Y. May 23, 2011) ("[T]he party seeking to extend the time permitted under Rule 30 must provide good cause to justify an enlargement."); *Carmody v. Vill. of Rockville Ctr.*, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007) (same). In determining whether good cause is shown, "the court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule." *Somerset Studios LLC v. Sch. Specialty, Inc.*, 2011 WL 4344596, at *5 (N.D. Cal. Sept. 14, 2011). Cartessa has failed to show good cause for its requested enlargement of time.

Cartessa argues there is good cause to extend the depositions of Dr. Duboys and Mr. Meyst, Edge's technical experts, because each one opines on infringement and validity. Cartessa relies heavily on the Northern District's *Synchronoss* decision, but that case is inapposite. In *Synchronoss,* the non-movant designated a single expert to address all issues in the case: infringement, validity and damages. *Synchronoss Techs., Inc. v. Dropbox Inc.,* 4:16-cv-00119-HSG, ECF 271, at 2 (N.D. Cal. February 11, 2019). The movant argued that, because it had disclosed three experts covering the same topics, the non-movant would have twenty-one hours of deposition time on the issues in the case, while the movant would have had just seven hours. *Id*. at 2-3. The opposite is true here. Because Edge has retained four experts, compared to Cartessa's two experts, **Cartessa** will have **twenty-eight hours** of depositions across all four

experts, while ***Edge*** will be limited to just ***fourteen hours*** of deposition time. In addition, the Court in *Synchronoss* gave the moving party ***two days*** of deposition time so that it could address a 500-page expert report on infringement, validity and damages. Here, Edge's expert reports on those three issues total 500 pages, but Cartessa already has ***three days*** of deposition time to address that material. Its request for ***five days*** of deposition time is not supported by *Synchronoss* and would simply represent an undue burdensome on Edge and Edge's experts.

Judge Albright's Standing Order in the Western District of Texas does not provide good cause for Cartessa's request for 14-hour depositions. The parties are not litigating before Judge Albright in Texas, and this Court has its own local rules which do not depart from Federal Rules as Judge Albright's rules do. Unlike Judge Albright, this Court requires a party seeking extra time to "provide good cause to justify an enlargement." *See Saeed*, 2011 WL 6945755, at *1.

Cartessa has not explained why it cannot address infringement, invalidity and damages in three days of depositions. Nor has Cartessa offered any basis for the specific number of hours it seeks: fourteen hours for each technical expert, for a total of thirty-five hours of deposition time for infringement, validity and damages. *See Williams*, 2017 WL 1156012 at *4. This is a straightforward patent case involving only four patents[1] from just two patent families, and a single accused device. In addition, Cartessa has only challenged validity of a single patent, with just two independent claims, and relying on just a single primary reference for its challenge. Moreover, the asserted claims share many claim elements, which further simplifies the analysis. The technology is not difficult; even Cartessa's own expert repeatedly referred the level of sophistication in the field as "moderate." On the contrary, in *Synchronoss*, the issues were far more complex, addressing three products accused of infringing three completely distinct patents from three different families. *See Synchronoss*, No. 4:14-cv-00119-HSG, ECF 1 at 3-5 (N.D. Cal. Mar. 27, 2015).

Notably, Edge has not sought a 14-hour deposition of Cartessa's technical expert, despite the fact that Dr. Jensen's reports covering infringement and validity (283 pages) actually ***exceed*** the length of the reports of Dr. Duboys (135 pages) and Mr. Meyst (250 pages) on those issues. *See Somerset*, 2011 WL 4344596, at *5 (denying defendant's motion for additional deposition time because plaintiff was similar situated but "ha[d] not asked for an extension").

Cartessa baldly claims that "there can be no burden or prejudice to Edge" in forcing two witnesses to unnecessarily appear for an extra day of depositions. Cartessa is wrong. First, Edge would be put to the needless expense of paying for extra expert and attorney time. Second, Cartessa completely ignores the burden on the experts. As Edge previously informed Cartessa, Dr. Duboys is a practicing surgeon. He has very limited availability, as his patients' health must

---

[1] Cartessa's letter incorrectly states that five patents are at issue. Edge notified Cartessa on February 24, 2022 that it was no longer pursuing one patent and the parties omitted that patent from subsequently served expert reports.

take priority. Demanding that Dr. Duboys re-schedule appointments and surgeries, without any good cause to do so, would be prejudicial both to Dr. Duboys and to his patients.

For all of these reasons, the Court should deny Cartessa's request to enlarge its time to depose Dr. Duboys and Mr. Meyst. And because Cartessa's has identified no plausible good cause for its requested extension, Edge should be awarded its reasonable attorney's fees in connection with opposing this motion, as provided by Fed. R. Civ. P. 37(a)(5)(B).

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 18, 2022

By: */s/ Karen M. Cassidy Selvaggio*
Craig S. Summers (*Admitted pro hac vice*)
Email: craig.summers@knobbe.com
Ali S. Razai (*Admitted pro hac vice*)
Email: ali.razai@knobbe.com
Karen M. Cassidy Selvaggio (*Admitted pro hac vice*)
Email: karen.cassidy@knobbe.com
Sean M. Murray (*Admitted pro hac vice*)
Email: sean.murray@knobbe.com
Ashley C. Morales (*Admitted pro hac vice*)
Email: ashley.morales@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff*
EDGE SYSTEMS LLC

cc: David G. Keyko, Steven P. Tepera, Matthew David Stockwell, Michael Hines Borofsky via CM/ECF

55598512