**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDGE SYSTEMS LLC, | Civil Action No. 2:20-cv-06082-GRB-ST |
| Plaintiff, | |
| v. | |
| CARTESSA AESTHETICS, LLC, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF EDGE SYSTEMS LLC'S MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 54(b) AND FOR A STAY OF PROCEEDINGS**

## I. INTRODUCTION

Edge moves for entry of final judgment of non-infringement of U.S. Patent No. 9,550,052 ("the '052 Patent") under Rule 54(b) and a stay of its claims under the three remaining patents-in-suit ("the Shadduck Patents") to facilitate an immediate appeal of the Court's entry of summary judgment on the '052 patent. A judgment under Rule 54(b) would allow the Court and the parties to save significant resources. If the parties are forced to prepare for and conduct a trial on the Shadduck Patents alone, the parties would then need to prepare for and conduct a second trial on the '052 Patent if the Federal Circuit concludes Edge presented sufficient evidence that the accused device includes a "manifold" to go to trial. And both trials would involve the same accused Cartessa product, which is the only product at issue in this case. An immediate appeal and a stay of the Shadduck Patent claims would ensure a single trial involving a single product.

Moreover, Edge's claim for infringement of the '052 Patent is completely separable from its claim for infringement of the Shadduck Patent. The Shadduck Patent claims do not even include the term "manifold," which will be the main subject of the appeal of the '052 Patent. Thus, there is no risk that the Federal Circuit will need to address the same issues twice. Accordingly, this Court should enter judgment on the '052 Patent under Rule 54(b) and stay proceedings on the Shadduck Patents.

## II. BACKGROUND

Edge filed this action alleging that Cartessa infringes the '052 Patent and has infringed a group of patents known as the Shadduck Patents.[1] Dkt. 1. Cartessa sought leave to move for

---

[1] The Shadduck Patents listed in the Complaint are U.S. Pat. Nos. 6,641,591; 8,066,716; 8,337,513; and 9,775,646. Dkt. 1 ¶¶ 9-11, 13. Edge has dismissed U.S. Pat. No. 9,775,646 from this case. Accordingly, Edge will refer to the remaining three patents listed in this footnote as "the Shadduck Patents."

summary judgment of non-infringement of the Shadduck Patents. On September 15, 2022, the Court denied Cartessa's proposed summary judgment motion and held that Cartessa's arguments "will be aimed to the jury when we get there." Dkt. 86, 15:23-16:10. The Court ordered further briefing on the parties' cross-motions for summary judgment of invalidity and infringement of the '052 patent. *Id.* at 16:11-14. On November 17, 2022, the parties filed cross-motions for summary judgment of infringement and non-infringement of the '052 Patent. Dkt. 91-1, 92-5. Edge also moved for summary judgment of no invalidity of the '052 Patent. Dkt. 88-1. Neither party filed any motions addressing any of the Shadduck Patents.

On June 6, 2023, this Court issued an order on all three motions. Dkt. 97. The Court granted Edge's motion that the '052 Patent is not invalid, denied Edge's motion for infringement, and granted Cartessa's motion for non-infringement. *Id.* On the infringement motions, the Court concluded that Edge had failed to present sufficient evidence that the accused Cartessa device includes a "manifold" as required by the claims of the '052 Patent. *Id.* at 9-10. As a result of the three summary judgment rulings, this Court has fully and finally adjudicated Edge's claim for infringement of the '052 Patent, Count V of the Complaint. *See* Dkt. 1 ¶¶ 57-64.

Edge's claims for infringement of the Shadduck Patents still remain pending before this Court. Furthermore, the damages period available for infringement of the expired Shadduck Patents is much shorter than the damages period available for the live '052 Patent. Only the '052 Patent poses the threat of a possible injunction; and the damages for infringement of the '052 Patent are much greater than for the Shadduck Patents.

Moreover, delaying Edge's appeal on the '052 Patent would force Edge to endure a costly trial over the Shadduck Patents just to obtain the right to appeal the ruling on the '052 Patent. In addition, the '052 Patent – the only live patent in suit – is a wasting asset. Every day that passes

without final appellate resolution of the '052 Patent is another day that Edge is denied the exclusivity in the marketplace to which it believes it is entitled. Accordingly, Edge respectfully requests that this Court enter judgment on the '052 Patent under Rule 54(b) and stay the claims on the Shadduck Patents pending resolution of the requested appeal.

### III. THIS COURT SHOULD ENTER JUDGMENT ON THE '052 PATENT UNDER RULE 54(B)

#### A. This Court Has The Authority To Enter Judgment On The '052 Patent Alone

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief …, the court may direct entry of a final judgment as to one or more, but fewer than all, claims … only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Rule 54 provides a mechanism to avoid the possible injustice of a delay in entering judgment as to fewer than all of the [claims or] parties until the final adjudication of the entire case by making an immediate appeal available." *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 931 F. Supp. 1044, 1047 (E.D.N.Y. 1996).

The decision whether to enter judgment on an individual claim under Rule 54(b) is a two-step process. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). First, the court must determine "that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claim action.'" *Id.* at 7. Second, the court must "determine whether there is any just reason for delay." *Id.* at 8. "[I]n deciding whether there are no just reasons to delay the appeal …, a district court must take into account judicial administrative interests as well as the equities involved." *Id.* The court should "consider such factors as whether the claims under review were separable from the others

3

remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id. See also W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

Applying these criteria, the courts in patent cases commonly enter judgment under Rule 54(b) on less than all of the patents in suit to facilitate an immediate appeal. *See, e.g., Augme Techs., Inc. v. Yahoo! Inc.*, 305 F.R.D. 112, 114-15 (N.D. Cal. 2012); *HTC Corp. v. IPCom GMBH & Co., KG*, 285 F.R.D. 130, 132 (D.D.C. 2012); *Cox Commc'ns Inc. v. Sprint Commc'ns Co. L.P.*, No. CV 12-487, 2015 WL 5063187 at *1 (D. Del. Aug. 27, 2015). This Court should follow that practice here.

### B.  This Court Should Enter Judgment Under Rule 54(b)

Applying the Supreme Court's two-step framework, it is clear that this Court's decision on the '052 Patent qualifies as a "final judgment" on fewer than all claims. This Court's summary judgment decision on the '052 Patent fully resolved Count V of the Complaint and leaves no issues relating to the '052 Patent unresolved. *See Augme*, 305 F.R.D. at 114; *HTC*, 285 F.R.D. at 132.

In addition, there is no just reason to delay entry of a judgment on the '052 Patent to facilitate an appeal. The resolved and unresolved claims are plainly separable, with no risk that the Federal Circuit will be required to address the same issue twice. *See Curtiss-Wright*, 446 U.S. at 8. The issue on appeal will be whether Edge presented sufficient evidence that Cartessa's accused product includes a "manifold" as required by the claims of the '052 Patent. That issue is simply irrelevant to the Shadduck patents, which do not include any claim limitation directed to a "manifold" or similar structure. Even if Cartessa cross-appealed the Court's summary judgment of no invalidity, the Federal Circuit would only address whether the '052 Patent is anticipated by

4

U.S. Patent No. 6,162,232 ("the '232 Patent"), the only prior art reference that Cartessa asserted against the '052 Patent.  Because Cartessa did not assert the '232 Patent against the Shadduck patents, any cross-appeal by Cartessa would have no bearing on the Shadduck patents.

In addition, the equities strongly favor entry of judgment on the '052 Patent.  Entry of judgment would avoid the risk of having two separate trials – one on the Shadduck Patents followed by one on the '052 Patent if Edge's appeal on that patent is successful.  Further, as also discussed above, delaying Edge's right to appeal would deny Edge the exclusivity in the marketplace to which it believes it is entitled.  Edge should be permitted to appeal now, so that it can have a chance to obtain the market exclusivity that the '052 Patent may provide.

## IV. THIS COURT SHOULD STAY PROCEEDINGS ON THE SHADDUCK PATENTS

This Court has the inherent power to stay its proceedings.  *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).  When a judgment has been entered under Rule 54(b), "a stay is appropriate if the interests of efficiency and fairness would be served." *R.O. by Ochshorn v. Ithaca City Sch. Dist.*, No. 05-cv-695, 2010 WL 11530468 at *9 (N.D.N.Y. Jan. 26, 2010).  In particular, a stay of proceedings pending appeal of a Rule 54(b) judgment is warranted if it "will avoid the need to conduct two separate trials." *Id.*

Here, fairness and efficiency plainly favor a stay pending appeal.  As in *R.O.*, a stay would avoid the potential for two trials.  This consideration should be given special weight here because the trial to be avoided – the trial on the Shadduck Patents – involves only monetary damages for past infringement without any risk of injunction.  No sound reason exists to have the parties and the Court endure a trial with less damages and no injunction at stake, only to potentially have a second trial shortly thereafter, where the stakes are much higher.

Moreover, because no injunction would be at stake in a trial over the Shadduck Patents, those patents cast no cloud over Cartessa's right to continue to sell its accused product. Therefore, Cartessa has no urgent need for an immediate trial over the Shadduck Patents. With only damages at stake, and no need for a judicial determination of a right to sell its accused product, Cartessa would not be prejudiced by any delay in the trial of the Shadduck Patents. To the contrary, as the defendant in a trial over damages only, Cartessa should welcome the stay.

## V. CONCLUSION

Edge respectfully requests that this Court enter final judgement under Rule 54(b) on Edge's claim for infringement of the '052 Patent, and that this Court stay all remaining proceedings in this Court pending appeal.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 29, 2023

By: /s/ Ali S. Razai
Craig S. Summers (*Admitted pro hac vice*)
Email: craig.summers@knobbe.com
Ali S. Razai (*Admitted pro hac vice*)
Email: ali.razai@knobbe.com
Karen M. Cassidy Selvaggio (*Admitted pro hac vice*)
Email: karen.cassidy@knobbe.com
Sean M. Murray (*Admitted pro hac vice*)
Email: sean.murray@knobbe.com
Hans L. Mayer (*Admitted pro hac vice*)
Email: hans.mayer@knobbe.com
Ashley C. Morales (*Admitted pro hac vice*)
Email: ashley.morales@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff*
EDGE SYSTEMS LLC

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on August 29, 2023, the attached document was filed electronically through CM/ECF system, which will send notice to the registered participants identified on the Notice of Electronic Filing.

Dated:  August 29, 2023           By:  /s/ Ali S. Razai
                Craig S. Summers (*Admitted pro hac vice*)
                Email: craig.summers@knobbe.com
                Ali S. Razai (*Admitted pro hac vice*)
                Email:  ali.razai@knobbe.com
                Karen M. Cassidy Selvaggio (*Admitted pro hac vice*)
                Email: karen.cassidy@knobbe.com
                Sean M. Murray (*Admitted pro hac vice*)
                Email: sean.murray@knobbe.com
                Hans L. Mayer (*Admitted pro hac vice*)
                Email: hans.mayer@knobbe.com
                Ashley C. Morales (*Admitted pro hac vice*)
                Email: ashley.morales@knobbe.com
                **KNOBBE, MARTENS, OLSON & BEAR, LLP**
                2040 Main Street, Fourteenth Floor
                Irvine, CA  92614
                Telephone: (949) 760-0404
                 Facsimile: (949) 760-9502

                *Attorneys for Plaintiff*
                EDGE SYSTEMS LLC

57786711