

Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue, Suite 1700 | Austin, TX 78701-3797 | tel 512.580.9600 | fax 512.580.9601

Steven Tepera
tel: +1.512.580.9651
steven.tepera@pillsburylaw.com

October 11, 2023

<u>Via ECF</u>

The Honorable Steven L. Tiscione, U.S.M.J.
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Edge Systems LLC v. Cartessa Aesthetics, LLC* <u>(Case No. CV-20-cv06082 (GRB)(ST)</u>

Dear Judge Tiscione:

Please accept the following as a letter motion on behalf of Cartessa pursuant to Section III (A) of Your Honor's Individual Rules and Rules 26.4 and 37.3 to compel plaintiff Edge Systems LLC ("Edge") to produce (i) the invoices/payment records to date for each expert witness, and (ii) all of Dr. Elliott Duboys' expert reports and expert and fact depositions for Edge/Hydrafacial and Axia Medsciences.

On June 6, 2023, Judge Brown granted Cartessa's motion for summary judgment of noninfringement of the '052 patent (Doc. No. 97). Judge Brown's order recited deficiencies in Edge's expert testimony, namely, its failure to investigate, test, or identify a manifold within the Skinwave device, leading to a finding of noninfringement for Cartessa. *See id.* p. 7, 10. The remaining patents at issue are expired. Plaintiff still intends to try the case. In light of this, Cartessa requests that the Court compel Edge to produce documents pertaining to its expert witnesses.

October 11, 2023
Page 2

On July 23, 2021, Cartessa served its request for production to Edge. Cartessa's Request for Production No. 11 states in relevant part:

> All documents that refer or relate to any lawsuit, ITC action, interference, re-examination, arbitration, mediation, or other dispute or adversarial proceeding involving the patents-in-suit or any related patent, including without limitation:
> a. All deposition transcripts with exhibits;
> g. All expert reports, declarations, or affidavits and supporting documentation;
> h. All depositions and any exhibits thereto;

(Ex. A, Def. First Set of RFP's).[1] Cartessa sent a letter to Edge requesting matters within the scope of this request: (i) invoices issued by and paid to each of Edge's expert witnesses, (ii) the experts' reports in other Edge cases and (iii) deposition transcripts for Dr. Duboys, Mr. Meyst, and Mr. Hanson in other Edge cases. (Ex. C, Corresp. S. Tepera to A. Razai 9-15-23).

On August 10, 2023, the parties exchanged a proposed joint scheduling order indicating that motions related to discovery could be exchanged by September 9, 2023. (Doc. No. 99). The Court disapproved the schedule on August 16, held an oral conference with the parties August 29, and requested the parties meet and confer to propose a new schedule. That same day, Edge moved for severance of its dismissed claims and stay of the non-dismissed claims. *See* Dkt. 100. Cartessa proposed a new schedule extending deadlines by about a month while the parties briefed and the court considered Plaintiff's motion. ((Ex. D, 2023-09-21 Joint Status Rpt., at 3).[2]). Now, Edge contends that Cartessa's request is untimely, despite stipulating to exchange

---

[1] Edge agreed to produce relevant, non-privileged documents by October 1, 2021. (Ex. B, Pl. Resp. to First RFP's 8-23-2021). While the expert invoices/payment records were not specifically requested, they could be obtained by trial subpoena and are clearly relevant.

[2] Edge never responded to Cartessa's proposed schedule sent on September 21. However, Cartessa requested a meet and confer occur on or before October 9 so Cartessa could file this motion by the deadline it proposed.

October 11, 2023
Page 3

discovery motions were still allowed and no additional scheduling order having been entered. Pursuant to FRCP 37(a)(1), counsel for Cartessa and Edge met and conferred on October 9, 2023, to discuss the production of the requested documents. No agreement was reached, as was confirmed by Edge on October 10.[3]

Dr. Duboys has been retained as a fact witness and an expert witness in multiple cases for Edge. When deposed on May 13, 2022, he testified that he was retained by Edge around 2015 and continues to work with Edge. (Ex. E, Dep. Trans. Dr. Duboys 5-13-2022 at 12, 13, 181). Cartessa received Dr. Duboys' client list, which lists his clients from May 21, 2000, through May 21, 2021. (Ex. F, Dr. Duboys Client List). However, his list does not disclose that he has provided expert witness testimony for Edge. He also was listed as a fact witness in *Edge Systems v. Ralph Aguila* in the Southern District of Florida (1:14-cv-24517-KMM). (Ex. G, Witness List 12/22/2014).[4]

Trial courts are vested with broad discretion when addressing issues surrounding expert disclosure. *Kanaly v. DeMartino*, 162 A.D.3d 142, 77 N.Y.S.3d 234 (2018). As such, Cartessa requests Your Honor compel Edge to produce relevant documents requested.

Respectfully submitted,

---

[3] Edge's counsel represented that other than Dr. Duboys, none of Edge's experts in this case had ever been retained by Edge to provide expert testimony. In addition to invoice/payments for all Edge experts, this motion therefore only seeks the expert reports and deposition transcripts of Dr. Duboys in other Edge cases.

[4] Not surprisingly, Dr. Duboys testified when engaged by Edge, he had opined that the accused product infringed and was paid for that testimony. (Ex. E, 42:4-19, 43:3-16).

October 11, 2023
Page 4

/s/ Steven Tepera
Steven Tepera
Counsel for Defendant Cartessa Aesthetics, LLC
CC: All counsel of record (via ECF)